UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALICE BAINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13-CV-00159-GZS |
| ) | |
| VETERANS ADMINISTRATION ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

On April 25, 2013, Plaintiff Alice Bainton, the widow of Herbert Woodruff Bainton, initiated this action against Defendant Department of Veterans Affairs, in which action Plaintiff alleges that the Department is legally responsible for the death of Herbert Bainton in April 2010. According to Plaintiff's Complaint, Mr. Bainton died while he was in the care of the Veterans Administration Medical Center in West Haven, Connecticut. On May 6, 2013, Plaintiff filed a Motion to Stay, which the Court denied.[1] (ECF Nos. 5, 6.) The Department was served on November 19, 2013 (see ECF No. 11), and filed the pending Motion to Dismiss (ECF No. 13) on January 14, 2014. The Court referred the Motion for report and recommendation pursuant to 28 U.S.C. § 636(b).

**FACTUAL BACKGROUND**

When the plaintiff is a *pro se* litigant, the Court will review his or her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In particular, the pleadings of *pro se* plaintiffs are often interpreted in light of

---

[1] In her Motion, Plaintiff asserted that her family's safety was at risk and that the Department was engaged in criminal activity.

supplemental submissions, such as any response to a motion to dismiss. *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003). The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true for purposes of evaluating the Motion to Dismiss.[2] The facts also draw on the exhibits attached to Plaintiff's Complaint. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto[.]"); *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction . . . the district court . . . may consider whatever evidence has been submitted[.]").

Plaintiff alleges that her deceased husband, Herbert, received extended inpatient care at the VA Medical Center in West Haven, Connecticut in April 2010, and that he died while in the Center's care. According to Plaintiff, a medical aide warned her to make sure that Herbert was not placed in the Center's Palliative Care wing. Herbert was placed, instead, in the Rehabilitation wing and was making progress. After a few weeks, the Center transferred Herbert to the Palliative Care wing. Plaintiff asserts that Herbert subsequently became ill, and eventually became unable to swallow. Plaintiff maintains that during a conference to discuss Herbert's care, Plaintiff insisted that Herbert would want to continue to live, but the "Head of the Unit" repeatedly said that death would be painless for Herbert. Plaintiff contends that over her objections, morphine was administered to Herbert to help facilitate Herbert's death. In the early morning hours of April 29, 2010, Plaintiff received a report that Herbert had died.[3]

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

[3] According to Plaintiff, when she returned to the Center to view the body, she discovered that Herbert was still in his room. She saw him there and found that his head was icy cold but his body was warm. She asserts that Herbert's chest had movement. She also states that more than two years later "an apparent witness" told her that Herbert was electrocuted. (Complaint at 2-4, ECF No. 1.)

Plaintiff's Complaint included nine attachments. Of note, the attachments include a September 6, 2012, letter from the Department, by which letter the Department denied Plaintiff's administrative claim citing the fact that Plaintiff could not maintain a wrongful death action because she was not the executor of Herbert's estate, and the fact that the Department's review did not reveal any negligent or wrongful acts. (ECF No. 1-8, at 4.) The attachments also reflect that the Department denied Plaintiff's request for reconsideration on September 27, 2012. (*Id.* at 7.)

In this action, Plaintiff seeks $8,000,000, and the termination of inhumane practices at the VA Center; Plaintiff further requests that the Department "reassess its methods of accreditation and investigation." (*Id.* at 6.)

## DISCUSSION

In its Motion to Dismiss, the Department maintains that Plaintiff lacks standing to pursue this action because she is not the executor of Herbert's estate. Additionally, the Department contends that the action is time barred. As explained below, the recommendation is that the Court dismiss the action as barred due to Plaintiff's failure to comply with the time requirements set forth in 28 U.S.C. § 2401(b).[4] The dismissal would be pursuant to Rule 12(b)(1), because failure to

---

[4] Because Plaintiff did not commence this action within the time proscribed by the Federal Tort Claims Act, there is no need to reach the Department's standing issue. Nevertheless, Plaintiff arguably has standing to assert some claim arising as the result of her husband's death. By federal regulation, claims for death filed against the Department of Veterans Affairs "may be filed by the personal representative of the decedent or any other legally qualified person." 38 C.F.R. § 14.615(b). Because "the law of the place where the act or omission occurred" governs, the Court would have to consider whether Connecticut law would apply to Plaintiff's substantive claim. *See* 28 U.S.C. § 2674; *Schippers v. United States*, 715 F.3d 879, 885-86 (11th Cir. 2013). Under Connecticut law, wrongful death actions are to be brought by an executor or administrator. Conn. Gen. Stat. § 52-555. However, Connecticut law would not foreclose the appointment of a substitute administrator or personal representative of Herbert's estate for purposes of pursuing a wrongful death action. *See, e.g.,* Conn. Gen. Stat. §§ 45a-316, 45a-557a(12). A belated appointment of an administrator could possibly keep this FTCA action alive. *See, e.g., Knapp v. United* States, 844 F.2d 376, 379 (6th Cir. 1988) (permitting surviving spouse to maintain action against the Department even though she had not yet obtained personal representative status during the pendency of her administrative claim). Furthermore, an action for loss of consortium brought by a surviving spouse is recognized in Connecticut. Conn. Gen. Stat. § 52-555a. Such claims are "separate from and independent of all claims or causes of action for the determination of damages with respect to such death." *Id. See also DeMarinis v. United Servs. Auto. Ass'n Cas. Ins. Co., Inc.*, 687 A.2d 1305, 1308 (Conn. 1997). There thus are circumstances under which Plaintiff could have standing to bring a claim arising out of Herbert's death.

3

comply with the time limitations of the Federal Tort Claims Act raises a sovereign immunity bar that deprives the Court of subject matter jurisdiction. *Rakes v. United States*, 442 F.3d 7, 19 (1st Cir. 2006).

The Federal Tort Claims Act provides that prior to commencing an action against a federal agency, a claimant must present the claim to the agency, and the agency must deny the claim or fail to respond to the claim within 60 days. 28 U.S.C. § 2675(a). If an action is not presented to the appropriate federal agency within two years of accrual, the claim is "forever barred." 28 U.S.C. § 2401(b). Additionally, if court action is not initiated "within six months of the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency," the claim is time barred. *Id.* "These temporal parameters are strictly construed in favor of the sovereign." *Roman-Cancel v. United States*, 613 F.3d 37, 41 (1st Cir. 2010). By federal regulation, the six-month time limit can be tolled by filing with the agency a request for reconsideration of its initial denial. *Id.* at 43 (citing 28 C.F.R. § 14.9(b)). However, the time begins to run again as soon as the agency denies the request for reconsideration. *Id.*

By letter dated September 6, 2012, the Department denied Plaintiff's administrative tort claim. (ECF No. 1-8 at 4-5.) In the letter, the Department informed Plaintiff that she could request reconsideration and explained the time constraints regarding further action concerning the claim. (*Id.* at 5.) Following Plaintiff's responsive letter dated September 19, 2012, (ECF No. 1-8 at 6), the Department, by letter dated September 27, 2012, expressed regret for Plaintiff's loss, and informed Plaintiff that Plaintiff could file a request for reconsideration of Plaintiff's "now denied claim," or that she could pursue an action in federal district court (*Id.* at 7).

The records attached to Plaintiff's Complaint, which are properly before the Court for consideration on a motion to dismiss for lack of subject matter jurisdiction, *Freeman*, 714 F.3d at

4

35; *Aversa*, 99 F.3d at 1210, establish that Plaintiff requested reconsideration of the initial administrative denial, thereby tolling the limitation period until the Department sent Plaintiff the Department's final denial letter dated September 27, 2012. Plaintiff subsequently commenced this action on April 25, 2013, which was *seven* months after the Department issued its final denial of the claim. Because Plaintiff did not commence this action within six months of the Department's denial of Plaintiff's administrative claim as required by 28 U.S.C § 2401(b), Plaintiff's claim is barred by the limitations period set forth in the FTCA. The Court, therefore, does not have jurisdiction to consider the merits of Plaintiff's claim.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant the Department's Motion to Dismiss (ECF No. 13) because Plaintiff has failed to comply with the time limitations imposed by the Federal Tort Claims Act, 28 U.S.C. § 2401(b).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

February 14, 2014